IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIANA GORDON, Administratrix of the ESTATE OF JAHAAD ATKINSON | **COMPLAINT FOR DAMAGES** |
| and | |
| | **Civil Action No.:** |
| WYDEIA KIMBLE, Administratrix of the ESTATE OF AH'YIR WOMACK | |
| Plaintiffs, | |
| | **DEMAND FOR JURY TRIAL** |
| v. | |
| NATIONAL RAILROAD PASSENGER CORPORATION, an inter-city rail service colloquially referred to as AMTRAK | |
| Defendant. | |

## CIVIL ACTION

### Jurisdiction and Venue

1. This Court has jurisdiction of this matter under 28 U.S.C. Section 1332 in that there is a complete diversity of citizenship between Plaintiffs and Defendant and the amount in controversy exceeds $150,00 exclusive of interest and costs.

2. The venue is proper in this district pursuant to 28 U.S.C. 1391 (a) and (c) in that Defendant is a corporation licensed to do business in this district and a substantial part of the events giving rise to the Plaintiffs' claims occurred in this district.

## Parties

3. Plaintiff Siana Gordon's Decedent, Jahaad Atkinson ("Jahaad"), was a minor individual and citizen of Pennsylvania, who resided therein at 222 Broomall St. Chester, PA.

4. Plaintiff Siana Gordon ("Plaintiff Gordon") was appointed Administratrix of the Estate of Jahaad Atkinson on June 20, 2023. Said estate has a mailing address of 222 Broomall St. Chester, PA. (A copy of the Short Certificate is attached hereto as **Exhibit "A"**).

5. Plaintiff Wydeia Kimble's Decedent Ah'yir Womack ("Ah'Yir"), was a minor individual and citizen of Pennsylvania, who resided therein at 1120 Upland St. Chester, PA.

6. Plaintiff Wydeia Kimble ("Plaintiff Kimble") was appointed Administratrix of the Estate of Ah'yir Womack on June 16, 2023. Said estate has a mailing address of 1120 Upland St. Chester, PA. (A copy of the Short Certificate is attached hereto as **Exhibit "B"**).

7. Defendant National Railroad Passenger Corporation, a/k/a , d/b/a AMTRAK ("Amtrak") is a corporation created by federal statute. 49 U.S.C. § 24191 (2000). Amtrak's principal place of business is in the District of Columbia, 49 U.S.C. 24301 (b).

## Operative Facts

8. Amtrak owns railroad lines in the eastern United States that are enclosed by fencing.

9. Amtrak is responsible for building, repairing, and maintaining said fencing.

10. On or about April 29, 2023, there was a gaping hole in the fencing protecting the track at the location of Central and Tilghman Streets in Chester, Pennsylvania (A copy of an image of said hole is attached hereto as **Exhibit "C")**".

11. It is common practice for children to walk through said hole in the fence adjacent to the railroad in order to gain access to the nearby playground at Memorial Park.

12. On April 29, 2023, 5 to 7 children, including Jahaad and Ah'yir, walked through said hole onto the tracks.

13. On April 29, 2053, at approximately 4:30 p.m, Amtrak train 161, going from New York to Washington D.C., struck and killed Jahaad and Ah'yir.

14. Amtrak is in possession of video that allegedly captured Jahaad and Ah'yir being struck by train 161.

15. According to said video, Jahaad and Ah'yir were dragged by the Amtrak train and did not die instantaneously.

16. It is alleged, and therefore averred that Amtrak knew or had reason to know that children and adults were likely to trespass on the train tracks in this area of its land because they erected fencing which would prevent children from walking onto the tracks.

17. Thus, trespassers were anticipated.

18. Amtrak, as a possessor of the land on which the incident took place, owed Jahaad and Ah'yir, minors, a duty of care to avoid serious bodily injury or death.

19. It is also alleged and therefore averred that Amtrak knew or should have known that a complete, well-maintained fence was necessary to prevent children from trespassing on its train tracks. As such, Amtrak knew or should have known that

lack of such a fence would pose an unreasonable risk of death and/or a serious bodily injury to those children.

20. It is also alleged and therefore averred that Jahaad and Ah'yir, because of their youth, neither discovered the dangerous condition, nor realized and/or appreciated the serious risk of death or bodily injury involved in crossing Amtrak's train tracks.

21. It is also alleged and therefore averred that Amtrak failed to exercise reasonable care to eliminate the danger and risk of death and serious bodily injury or otherwise protect children from this danger.

22. It is also alleged and therefore averred that it was entirely foreseeable, at the time of the incident in question, that a child or children would walk through the hole in Amtrak's fence, onto the train tracks, owned and operated solely by Amtrak, because of the history of similar incidents and there was a lack of fencing or other barriers which would prevent children and adults from entering onto the tracks.

23. In Pennsylvania courts, children between the ages of seven and fourteen are given a rebuttable presumption of being incapable of negligence.

24. As a direct and proximate result of the willful, wanton, negligent, careless and/or reckless conduct of Amtrak, Jahaad and Ah'yir died at the scene of the incident.

25. As a direct and proximate result of the willful, wanton, negligent, careless and/or reckless conduct of Amtrak, Jahaad's and Ah'yir's daily activities, education, and usual life's pleasures were forever extinguished.

26. As a direct and proximate result of the willful, wanton, negligent, careless and/or reckless conduct of Amtrak, Jahaad's and Ah'yir's earning capacity and employment opportunities were terminated.

27. As a direct and proximate result of the willful, wanton, negligent, careless and/or reckless conduct of Amtrak, the Estates of Jahaad Atkinson and Ah'yir Womack incurred liability for emergency medical services, funeral and household expenses.

## COUNT I
### NEGLIGENCE

28. Plaintiff Gordon and Plaintiff Kimble incorporate all preceding paragraphs as though set forth in full.

29. Amtrak was negligent in failing to repair a gaping hole in the fence adjacent to the train tracks.

30. Amtrak's negligence was a proximate cause of the injuries to Atkinson and Womack.

31. Amtrak knew, or should have known, its train tracks and nearby playground, in which crossing the train tracks would have been considered a "shortcut" to the playground, would attract child trespassers.

32. Amtrak's actions were willful, wanton, and reckless in flagrant disregard for the safety of the general public, including and especially minors, and the foreseeable risks posed by ignoring the presence of a large opening in the fence adjacent to the train tracks.

**WHEREFORE**, Plaintiff Gordon and Plaintiff Kimble pray for the following relief:

A. that the Court award compensatory damages to Plaintiff Gordon and

Plaintiff Kimble and against Amtrak in an amount determined at trial by a jury;

   B. that the Court award punitive damages to Plaintiff Gordon and Plaintiff Kimble, and against Amtrak, in an amount to be determined at trial, that will deter such conduct by Amtrak in the future;

   C. for a trial by jury

   D. pre-judgment and post-judgment interest and recovery of Plaintiff Gordon and Plaintiff Kimble's costs, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 for all 42 U.S.C. § 1983 claims; and

   E. for any and all relief to which Plaintiff Gordon and Plaintiff Kimble may be entitled.

## COUNT II
## WRONGFUL DEATH

33. Plaintiff Kimble and Plaintiff Gordon reaver and incorporate the preceding paragraphs as though set forth herein at length.

34. Plaintiff Kimble and Plaintiff Gordon bring this action pursuant to the Wrongful Death Act 42 Pa. C.S.A Section 8301 and claim all damages recoverable under the Pennsylvania Wrongful Death Act.

35. The names and last known addresses of all persons who may be entitled by law to recover damages, as well as their relationship to Jahaad and Ah'Yir, respectively, are as follows:

   a. Siani Gordon, Mother of Jahaad Atkinson
    222 Broomall St.
    Chester, PA 19013

   b. Shamar Atkinson, Father of Jahaad Atkinson
    222 Broomall St.
    Chester, PA 19013

  c. Wydeia Kimble, Mother of Ah'Yir Womack
   1120 Upland St.
   Chester, PA 19013

  d. Tyrone Womack, Father of Ah'Yir Womack
   1121 Hancock St., Apt. A
   Chester, PA 19013

36. As a direct and proximate result of the Amtrak's negligence and carelessness as set forth above, which is incorporated herein, Jahaad and Ah'Yir's Wrongful Death beneficiaries have been caused to incur and pay various expenses related to their deaths.

**WHEREFORE**, Plaintiff Gordon and Plaintiff Kimble pray for the following relief:

 A. that the Court award compensatory damages to Plaintiff Gordon and Plaintiff Kimble and against Amtrak in an amount determined at trial by a jury;

 B. that the Court award punitive damages to Plaintiff Gordon and Plaintiff Kimble, and against Amtrak, in an amount to be determined at trial, that will deter such conduct by Amtrak in the future;

 C. for a trial by jury;

 D. pre-judgment and post-judgment interest and recovery of Plaintiff Gordon and Plaintiff Kimble's costs, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 for all 42 U.S.C. § 1983 claims; and

 E. for any and all relief to which Plaintiff Gordon and Plaintiff Kimble may be entitled.

## COUNT III
## SURVIVAL ACTION

37. Plaintiff Gordon and Plaintiff Kimble reaver and incorporate the preceding paragraphs as though set forth herein at length.

38. Plaintiff Gordon and Plaintiff Kimble bring this action on behalf of the Estates of Jahaad Atkinson and Ah'Yir Womack, deceased, by virtue of the Survival Act, 42 Pa. C.S.A. Section 8302, and claims all benefits of the Survival Act on behalf of those entitled to recover under law.

39. As a direct and proximate result of Amtrak's negligence and conduct as set forth above, which is incorporated herein, Plaintiff Gordon and Plaintiff Kimble claim on behalf of the Estates of Jahaad Atkinson and Ah'Yir Womack, all damages suffered by the Estate by reason of the deaths of Jahaad and Ah'Yir, including without limit to the generality of the following: the severe injuries to Jahaad and Ah'Yir, which resulted in their deaths; the anxiety, horror, fear of impending death, mental disturbance, pain, suffering and other intangible losses which Jahaad and Ah'Yir suffered prior to their deaths; the loss of future earning capacity suffered by Jahaad and Ah'Yir, from the date of their deaths until the time in the future they would have lived had they not died as a result of the injuries they sustained; expenses for medical care; and all damages specifically provided for under the Pennsylvania Wrongful Death Act and Survivors Act.

**WHEREFORE**, Plaintiff Gordon and Plaintiff Kimble pray for the following relief:

    A.    that the Court award compensatory damages to Plaintiff Gordon and Plaintiff Kimble and against Amtrak in an amount determined at trial by a jury;

    B.    that the Court award punitive damages to Plaintiff Gordon and Plaintiff Kimble, and against Amtrak, in an amount to be determined at trial, that will deter such conduct by Amtrak in the future;

  C.  for a trial by jury;

  D.  pre-judgment and post-judgment interest and recovery of Plaintiff Gordon and Plaintiff Kimble's costs, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 for all 42 U.S.C. § 1983 claims; and

  E.  for any and all relief to which Plaintiff Gordon and Plaintiff Kimble may be entitled.

        Respectfully submitted,

        **THE IGWE FIRM**

        /s/ Emeka Igwe, Esquire
        Emeka Igwe, Esquire
        Attorney for Plaintiffs
        1500 John F. Kennedy Blvd, Suite 1900
        Philadelphia, PA 19102
        Phone: 215-278-9898
        Email: emeka@igwefirm.com

Date:  July 27, 2023

# EXHIBIT "A"

Commonwealth of Pennsylvania  
Delaware County } ss:

I, RACHEL EZZELL BERRY, ESQUIRE, Register for the Probate of Wills and Granting Letters Testamentary and of Administration in and for County of Delaware, in the Commonwealth of Pennsylvania, do hereby Certify that on **June 16, 2023**

**WYDEIA QUEEN KIMBLE (TYRONE WOMACK JR. HAVING RENOUNCED)**

was duly and legally appointed as **Administratrix** of the estate of

**AH'YIR H. WOMACK**

who died **April 29, 2023** late of **Chester City**, Delaware County, Pennsylvania, and has been duly qualified as such according to law as can be verified by reference to the records in my office, and that the letters have not been revoked.

WITNESS my hand and seal of office, at Media in the County aforesaid, on June 16, 2023.

**File No. 2323-2426**

_____  
Register of Wills



## Certificate of Grant of Letters of Administration

**ESTATE NO:** 2323-2426

**ESTATE OF:** AH'YIR H. WOMACK, Deceased

**SOC SEC NO:** 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

WHEREAS, AH'YIR H. WOMACK, late of **Chester City**, Delaware County, PA, who died on **April 29, 2023**, and;

WHEREAS, the Grant of Letters of Administration is required for the administration of the estate.

THEREFORE, I, Rachel Ezzell Berry, Register of Wills in and for said county, hereby certify that I have this day granted LETTERS OF ADMINISTRATION to **WYDEIA QUEEN KIMBLE (TYRONE WOMACK JR. HAVING RENOUNCED)** who has duly qualified as **Administratrix** and has agreed to administer the estate according to law, all of which fully appears of record in my office in the Delaware County Government Center, Media, Pennsylvania.

IN TESTIMONY WHEREOF, I have here unto set my hand and affixed the seal of my office on **June 16th, 2023**.

Rachel Ezzell Berry
Register of Wills & Clerk of Orphans' Court

# EXHIBIT "B"


...


Commonwealth of Pennsylvania  } ss:
Delaware County

I, RACHEL EZZELL BERRY, ESQUIRE, Register for the Probate of Wills and Granting Letters Testamentary and of Administration in and for County of Delaware, in the Commonwealth of Pennsylvania, do hereby Certify that on **June 20, 2023**

**SIANI VIVIAN DENISE GORDON (SHAMAR ATKINSON HAVING RENOUNCED)**

was duly and legally appointed as **Administratrix** of the estate of

**JAHAAD ATKINSON**

who died **April 29, 2023** late of **Chester City**, Delaware County, Pennsylvania, and has been duly qualified as such according to law as can be verified by reference to the records in my office, and that the letters have not been revoked.

WITNESS my hand and seal of office, at Media in the County aforesaid, on June 20, 2023.

**File No. 2323-2457**

_Rachel_
Register of Wills



## Certificate of Grant of Letters of Administration

**ESTATE NO:** 2323-2457

**ESTATE OF:** JAHAAD ATKINSON, Deceased

**SOC SEC NO:** 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

WHEREAS, JAHAAD ATKINSON, late of Chester City, Delaware County, PA, who died on April 29, 2023, and;

WHEREAS, the Grant of Letters of Administration is required for the administration of the estate.

THEREFORE, I, Rachel Ezzell Berry, Register of Wills in and for said county, hereby certify that I have this day granted LETTERS OF ADMINISTRATION to **SIANI VIVIAN DENISE GORDON (SHAMAR ATKINSON HAVING RENOUNCED)** who has duly qualified as **Administratrix** and has agreed to administer the estate according to law, all of which fully appears of record in my office in the Delaware County Government Center, Media, Pennsylvania.

IN TESTIMONY WHEREOF, I have here unto set my hand and affixed the seal of my office on **June 20th, 2023**.



Rachel Ezzell Berry
Register of Wills & Clerk of Orphans' Court

EXHIBIT "B"

# EXHIBIT "C"

