IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIANA GORDON *et al.*, | |
| *Plaintiffs*, | Civil Action |
| v. | No. 23-cv-2884 |
| NATIONAL RAILROAD PASSENGER CORPORATION, | |
| *Defendant.* | |

**ORDER**

**AND NOW**, this 29th day of March, 2024, upon consideration of Defendant's motion for judgment on the pleadings, and the responses and replies thereto, and following oral argument held on March 28, 2024, I find as follows:

1. Plaintiffs Siana Gordon and Wydeia Kimble, as administrators of the estates of Jahaad Atkinson and Ah'Yir Womack, have sued the National Railroad Passenger Corporation, commonly known as Amtrak, for the deaths of Atkinson and Womack, who were killed by an Amtrak train while crossing the tracks. Defendant has moved for judgment on the pleadings. For the reasons set out below, that motion will be granted, but Plaintiffs will be afforded an opportunity to amend their complaint, if they can do so in good faith.

**I.   FACTS**

2. The following facts are taken from Plaintiffs' complaint and viewed in the light most favorable to Plaintiffs as the nonmoving parties:

- On April 29, 2023, Plaintiffs' decedents Jahaad Atkinson and Ah'Yir Womack, both minors of unspecified age, crossed Defendant's railroad tracks in Chester Pennsylvania. They were struck by a train and killed. (Complaint ¶¶ 10, 12-13.)

1

- Atkinson and Womack accessed the tracks by way of a hole in the fence. The hole is adjacent to a nearby playground in Memorial Park, where children commonly cross the tracks to reach the playground. (Id. ¶¶ 10-11.)

- Due to their ages, decedents did not realize the danger associated with crossing the tracks. (Id. ¶ 20.)

3. Based on these facts, Plaintiffs, as administrators of Atkinson's and Womack's estates, have sued Defendant for negligence and wrongful death. Plaintiffs allege Defendant was negligent in failing to maintain the fence along the tracks. Plaintiffs' complaint does not allege any negligence on the part of the train operator.

## II. LEGAL STANDARD

4. Because Defendant challenges only the legal sufficiency of Plaintiffs' complaint, its motion is treated under the same standard as a motion to dismiss under Rule 12(b)(6). Wilson v. USI Ins. Serv. LLC, 57 F.4th 131, 140 (3d Cir. 2023).

5. Under that standard, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Conclusory allegations do not suffice. Id. Twombly and Iqbal's plausibility standard requires more than a "sheer possibility that a defendant has acted unlawfully." Id. Plausibility requires "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of a claim." Phillips v. Cty. Of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

6. To determine the sufficiency of a complaint under Twombly and Iqbal, a court must (1) "tak[e] note of the elements a plaintiff must plead to state a claim"; (2) identify the allegations that are not entitled to the assumption of truth because they are no more than conclusions; and (3) "where there are well-pleaded factual allegations, … assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Burtch v. Millberg Factors, Inc., 662

F.3d 212, 221 (3d Cir. 2011). Courts must construe the allegations in a complaint "in the light most favorable to the plaintiff." Id. at 220.

7. When deciding a motion to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014).

### III. DISCUSSION

8. Defendant argues that Plaintiffs have failed to state a claim for negligence because a railroad owes no duty to fence its property, both under common law and Pennsylvania's "Railroad Civil Immunity" statute.

9. Pennsylvania's Railroad Civil Immunity statute provides that "[a] railroad carrier owes no duty of care to keep its railroad property safe for entry or use by any trespasser who enters upon any railroad property or railroad right-of-way or to give any warning to such trespasser entering or going on that railroad property of a dangerous condition, use or activity thereon." 42 Pa. Cons. Stat. § 8339.1(a). The statute defines a "trespasser" as "[a] person who enters onto railroad property without any right, lawful authority or the express consent of the railroad." § 8339.1(c).

10. Plaintiffs first respond that decedents were not trespassers because they were at a "permissive crossing" and were thus "licensees." A permissive crossing is a "well-defined location" that is "used frequently, continuously, and notoriously by the public." Henry v. Pennsylvania R. Co., 84 A.2d 675, 677 (Pa. 1951). It must consist of a "defined passageway" rather than a general practice of people crossing the railroad tracks. Tiers v. Pennsylvania R. Co., 141 A. 487, 489 (Pa. 1928).

11. At this stage of the proceedings, the facts set forth in Plaintiffs' complaint do raise a plausible inference that there was a permissive crossing. The complaint alleges that the crossing was restricted to a well-defined location (the hole in the fence) and was used frequently,

continuously, and notoriously (because the hole was "gaping") by children accessing the park. (Compl. ¶¶ 10-11.)

12. Defendant counters that Plaintiffs "admitted" that decedents were trespassers because the complaint generally refers to children "trespassing" on the tracks. However, the purpose of a complaint is to set out facts, not legal theories, and these allegations do not specifically identify decedents as trespassers. See Johnson v. City of Shelby, Miss., 574 U.S. 10, 11 (2014) ("Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. Rule Civ. Proc. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."). Defendant also insists that video evidence shows decedents walking along the tracks rather than crossing at a defined passageway, but this extrinsic evidence is irrelevant to assessing the sufficiency of Plaintiffs' complaint. Schmidt, 770 F.3d at 249.

13. It is therefore plausible, at this stage, that decedents crossed the tracks at a permissive crossing. If so, decedents would be "licensees" rather than trespassers, Gaul v. Consol. Rail Corp., 556 A.2d 892, 896 (Pa. Super. Ct. 1989), and would thus fall outside the Railroad Civil Immunity Statute, Laurie v. Nat'l Passenger R.R. Corp., 105 F. App'x 387, 390 (3d Cir. 2004).

14. But the fact that decedents may not have been trespassers does not end the inquiry, as Plaintiffs must still identify a duty that was allegedly breached. See Dugan v. Pennsylvania R. Co., 127 A.2d 343, 349 (Pa. 1956) (granting judgment to defendant for lack of duty). Train operators owe certain duties to licensees at permissive crossings, such as to give warning of the train's approach. Figard v. Pennsylvania R. Co., 65 A.2d 411, 413 (Pa. 1949). But Plaintiffs do not allege any negligence on the part of the train operator.

4

15. Instead, the only breach alleged in Plaintiffs' complaint is that Defendant did not repair the fence, allowing a "gaping hole" through which children regularly crossed. (Compl. ¶ 29.) But a railroad has no duty to fence its property. Scarborough v. Lewis, 518 A.2d 563, 573 (Pa. Super. Ct. 1986), rev'd on other grounds, 565 A.2d 122 (Pa. 1989); Laurie, 105 F. App'x at 391. Scarborough, like this case, involved a "hole in the fence" through which a child gained access to the tracks. 518 A.2d at 565. Moreover, a duty to erect fences is logically inconsistent with the notion of a permissive crossing: if a person has the railroad's "permission to cross its property," it cannot also be true that the railroad "was negligent in not preventing her and other members of the public from crossing the tracks." Laurie, 105 F. App'x at 391.

16. Plaintiffs cite authority on the doctrine of "attractive nuisance," under which a possessor of land may be liable if trespassing children are injured by a dangerous condition. See Bartleson v. Glen Alden Coal Co., 64 A.2d 846, 850 (Pa. 1949). For example, in Bartleson, the defendant was liable for failing to fence its tower. But Plaintiffs have cited no authority that the general rule of attractive nuisance overrides the more specific rule that a railroad has no duty to fence its property. See Scarborough, 565 A.2d at 126.

17. Alternatively, if decedents were trespassers, Plaintiffs would need to allege a "willful or wanton failure to guard or warn against a dangerous condition, use or activity." 42 Pa. Cons. Stat. § 8339.1(b). "Wanton misconduct means that the actor has intentionally done an act of an unreasonable character, in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow." Stubbs v. Frazer, 454 A.2d 119, 120 (Pa. Super. Ct. 1982) (quotation marks omitted). Since the only alleged misconduct was failing to repair the hole in the fence, and this was not even negligent, Plaintiffs have not alleged willful or wanton conduct.

18.     For these reasons, Plaintiffs' complaint as presently pled fails to state a claim.

19.     Plaintiffs alternatively ask that they be allowed to amend their complaint. When a complaint is dismissed for failure to state a claim, leave to amend should normally be granted unless amendment would be inequitable or futile. Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000). Because it is not clear that amendment would be futile, and, at this early stage of the proceedings, amendment would not be inequitable, I will grant Plaintiffs live to file an amended complaint.

**WHEREFORE**, it is hereby **ORDERED** that:

20.     Defendant's motion for judgment on the pleadings (ECF No. 19) is **GRANTED**.

21.     Plaintiffs' complaint is **DISMISSED WITHOUT PREJUDICE**.

22.     Within fourteen (14) days of the date of this Order, Plaintiffs may file an amended complaint, in an attempt to cure, if possible, the deficiencies outlined herein.

**BY THE COURT:**

 */s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**