**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SIANA GORDON, Administratrix of the ESTATE OF JAHAAD ATKINSON | : |
| And | : JURY TRIAL DEMANDED |
| WYDEIA KIMBLE, Administratrix of the ESTATE OF AH'YIR WOMACK | : No.: 23-cv-02884(MSG) |
| Plaintiffs, | : |
| v. | : |
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), | : |
| Defendant. | : |

**PLAINTIFF, SIANA GORDON, ADMINISTRATRIX OF THE ESTATE OF JAHAAD ATKINSON AND WYDEIA KIMBLE, ADMINISTRATRIX OF THE ESTATE OF AH'YIR WOMACK'S AMENDED COMPLAINT**

**AND NOW**, comes Plaintiffs, Siana Gordon, Administratrix of the Estate of Jahaad Atkinson's Amended Complaint and Wydeia Kimble, Administratrix of the Estate of Ah'Yir Womack, and in support of same, Plaintiffs avers as follows:

1. This Court has jurisdiction of this matter under 28 U.S.C. § 1331 in that there is a federal question.

2. The venue is proper in this district pursuant to 28 U.S.C. § 1391(a) & (c) in that Defendant is a corporation licensed to do business in this district

and a substantial part of the events giving rise to the Plaintiffs' claims occurred in this district.

3. Plaintiff's Decedent, Jahaad Atkinson ("Decedent or Decedents"), was a minor individual, citizen, and resident of the Commonwealth of Pennsylvania, who resided therein at 222 Broomall Street, Chester, Pennsylvania 19013.

4. Plaintiff, Siana Gordon (was appointed Administratrix of the Estate of Jahaad Atkinson, on June 20, 2023. Said estate has a mailing address of 222 Broomall Street, Chester, Pennsylvania 19013.

5. Plaintiff's Decedent, Ah'Yir Womack ("Decedent or Decedents"), was a minor individual, citizen, and resident of the Commonwealth of Pennsylvania, who resided therein at 1120 Upland Street, Chester, Pennsylvania 19013.

6. Plaintiff, Wydeia Kimble ("Plaintiff' or "Plaintiffs")) was appointed Administratrix of the Estate of Ah'Yir Womack, on June 16, 2023. Said estate has a mailing address of 1120 Upland Street, Chester, Pennsylvania 19013.

7. Defendant National Railroad Passenger Corporation, a/k/a, d/b/a AMTRAK [hereinafter referred to as "Amtrak" or "Defendant"] is a corporation created by federal statute. 49 U.S.C. § 24191 (2000). Amtrak's principal place of business is in the District of Columbia, 49 U.S.C. 24301 (b).

8. Defendant owns railroad lines in the eastern United States that are enclosed by fencing.

9. Defendant is responsible for building, repairing, and maintaining said fencing.

10. On or about April 29, 2023, and for some time prior thereto, there was a "gaping hole" in the fencing protecting the track at the location of Central and Tilghman Streets, Chester, Pennsylvania.

11. This "gaping hole" was a permissive crossing which was a well-defined passageway which was used frequently, notoriously and continuously by the general public.

12. It was a well-defined passageway for children using the park to walk through said "gaping hole" in the fence adjacent to the railroad in order to gain access to the nearby playground at Memorial Park.

13. Additionally, on April 29, 2023, 5 to 7 children, including Decedents, walked through said gaping hole in the well-defined passageway to walk onto the tracks.

14. Decedents crossed the tracks at this permissive crossing.

15. On April 29, 2023, at approximately 4:30 p.m., Amtrak train 161, going from New York to Washington D.C., struck and killed Decedents.

16. Amtrak is in possession of video that allegedly captured Decedents being struck by train 161.

17. According to said video, Decedents were dragged by the Amtrak train and did not die instantaneously.

18. Decedents were not trespassers, instead they were licensees, crossing the tracks track with the implied permission of Amtrak.

19. There was an expressed and/or implied license to pass over the property of Defendant.

20. The location of the permissive way / crossing is well defined and truly public.

21. On the day of the incident herein, Decedents without being confronted with or observing any warning, including but not limited to a train whistle or any substantial physical barrier to restrict his entry onto Defendant's land, walked onto and/or crossed the train tracks.

22. As Defendant's Train approached, the train failed to slow down, failed to stop, and failed to blow its whistle, and thereafter struck Decedents, killing them on impact.

23. It is alleged, and therefore averred that Defendant's knew or had reason to know that individuals were likely to cross on the train tracks in this area of its land.

24. Therefore, Defendant was aware of both licensees upon their property.

25. Defendant, as possessors of the land on which the incident took place, owed Decedents, a duty of care to avoid serious bodily injury or death to Decedents.

26. It is also alleged and therefore averred that Decedents, neither discovered the dangerous condition, nor realized and/or appreciated the serious risk of death or bodily injury involved in crossing Defendant's train tracks.

27. It is also alleged and therefore averred that the utility of continuing Defendant's operations without even minimal barriers to keep pedestrians from entering the train tracks and the burden of erecting extra fencing to protect individuals is minimal as compared to the risk of death and serious bodily injury.

28. It is also alleged and therefore averred that Defendant's failed to exercise reasonable care to eliminate the danger and risk of death and serious bodily injury or otherwise protect individuals from this danger.

29. Amtrak trains struck other individuals prior to Decedents' death.

30. It is also alleged and therefore averred that it was entirely foreseeable, at the time of the incident herein, that individuals would walk across the train tracks, owned and operated solely by Amtrak, because of the history of similar

incidents and there was a lack of fencing or other barriers which would prohibit individuals from entering onto the tracks.

31. It is alleged the train was operated by employees, agents, ostensible agents or apparent agents of Defendant, acting within the course and scope of their employment therewith, and that Defendant is responsible for their acts and failures to act under the doctrine of respondeat superior and/or vicarious liability.

32. The track approaching the location of Decedents' injury is a straight line with unrestricted visibility for a sufficient period of time for the Defendant's engineer and/or conductor to observe Decedents, and take evasive action, and stop the train in sufficient time to avoid striking the Decedents in the exercise of reasonable caution.

33. Despite this fact, for unknown reasons, neither the engineer and/or conductor observed Decedents crossing the tracks.

34. Either the engineer and/or conductor should have observed Decedents walking on the tracks, in the exercise of reasonable care.

35. Either the engineer and/or conductor's failures to observe Decedents on the track in the exercise of reasonable care created a situation by which, when either the engineer and/or conductor finally did observe Decedents, it was too late to stop the train in sufficient time to avoid striking and killing Decedents.

36. Additionally, because either the engineer and/or conductor failed to observe Decedents on the track at in the exercise of reasonable care, they did not sound the horns and/or other audio warning devices in sufficient time to provide Decedents with sufficient time to take evasive action to avoid being struck by the train.

37. In the alternative, if Decedents are considered trespassers, the actions of the train engineer in failing to slow the train, observe the minors on the tracks, failing to whistle, etc., constitute willful and wanton conduct.

38. The willful and/or wanton conduct including failing to warn Decedents against the on-coming train, failing to slow the train, failing to whistle, etc.

39. The train engineer upon the train tracks must have been aware of the individuals walking on the tracks and knew that failing to stop the train made it highly probable that Decedents would be hit by the on-coming train.

40. This incident resulted solely from the willful, wanton, negligent, careless, and/or reckless conduct of Defendant and was due in no manner whatsoever to any act or failure to act on the part of Plaintiffs.

41. As a direct and proximate result of the willful, wanton, negligent, carless, and/or reckless conduct of the Defendant, Decedents died at the scene of the incident.

42. As a direct and proximate result of the willful, wanton, negligent, careless, and/or reckless conduct of Defendant, Decedents' daily activities, education, and usual life's pleasures were forever extinguished.

43. As a direct and proximate result of the willful, wanton, negligent, careless and/or reckless conduct of Defendant, Decedents' earning capacity and employment opportunities were terminated.

44. As a direct and proximate result of the willful, wanton, negligent, careless and/or reckless conduct of Defendant, the Estate of Jahaad Atkinson incurred liability for emergency medical services, funeral and household expenses.

45. As a direct and proximate result of the willful, wanton, negligent, careless and/or reckless conduct of Defendant, the Estate of Ah'Yir Womack incurred liability for emergency medical services, funeral and household expenses.

## COUNT I – NEGLIGENCE

## SIANA GORDON, ADMINISTRATRIX OF THE ESTATE OF JAHAAD ATKINSON v. NATIONAL RAILROAD PASSENGER CORPORATION a/k/a AMTRAK

46. Plaintiff reavers and incorporates the preceding paragraphs as though set forth herein at length.

47. Defendant, as the possessors of land on which the incident occurred, owed Decedent a duty to exercise reasonable care to prevent exposing Decedent

to an unreasonable risk of death or serious bodily injury because it knew or had reason to know that individuals were likely to be present on their property.

48. At all times relevant hereto, Defendant acted by and through their employees, agents, ostensible agents and servants in the operation of the Train which struck Decedent.

49. Defendant, as the operator of the Train, had a duty to operate the train carefully, to make reasonable observations of pedestrians on the train tracks, to take reasonable evasive action for the protection of said pedestrians, including braking and/or stopping the train in sufficient time so as to avoid striking pedestrians, and applying horns and/or other audio warning signals to provide adequate and necessary warning to pedestrians on said tracks.

50. In addition, the negligent, careless and/or reckless conduct of Defendant consisted of, but is not limited to, the following:

a. Failure to exercise reasonable care to eliminate the danger or otherwise to protect Decedent;

b. failure of its employees, agents, ostensible agents and servants to conduct and operate the train in a safe manner, including traveling at speeds in excess of speed limits in place by law;

c. failure of its employees, agents, ostensible agents and servants to monitor the safety of pedestrians and train passengers;

d. failure of its employees, agents, ostensible agents and servants to observe pedestrians on the tracks;

e. failure of its employees, agents, ostensible agents and servants to observe pedestrians on the tracks in a reasonable time;

f. failure to apply speed limiting devices including but not limited to brakes in sufficient time so as to avoid striking Decedent;

g. failure to brakes apply speed limiting devices including but not limited to brakes in sufficient time so as to provide Decedent reasonable opportunity to take evasive action and avoid being struck;

h. failure to slow the train down after its employee(s) and/or agents witnessed Decedent on the tracks in the foreground as the train approached;

i. failure to stop the train in time to avoid striking Decedent;

j. failure to blow the whistle of the train to warn Decedent of impending danger;

k. failure to install any kind of barriers and/or fencing along its tracks in the immediate areas surrounding the train station to prevent anticipated pedestrians from entering the tracks;

l. failure to repair the dangerous condition of the lack of fencing surrounding the tracks in and around the train station despite knowledge pedestrians were accessing the train tracks from the locations which lacked fencing;

m. failure to post warning signs along the train tracks;

n. operating the train at too great of a speed approaching the Train Station despite knowledge of the risks of pedestrians on the tracks;

o. failing to exercise ordinary care to avoid injuring others;

p. failure to properly train its employees, agents, ostensible agents and servants, including but not limited to its Engineer and Conductor on the risks associated with pedestrians on the tracks approaching the train station;

q. failure to properly train its employees, agents, ostensible agents and servants, including but not limited to its Engineer and Conductor on how to safely observe pedestrians on the train tracks;

r. failure to warn its employees, agents, ostensible agents and servants, including but not limited to its Engineer and Conductor of the existence of prior complaints or knowledge on behalf of Amtrak of pedestrians on the train tracks in the vicinity of the train tracks;

s. failure to properly train its employees, agents, ostensible agents and servants, including but not limited to its Engineer and Conductor on how to use horns and/or audio warning devices;

t. failure to inspect the condition of the fences in the area of the train station; and

u. creating a permissive crossing which was accessible to the public which was well-defined.

**WHEREFORE,** Plaintiff Siana Gordon, Administratrix of the Estate of Jahaad Atkinson, demands judgment against Defendant in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars in compensatory damages, costs and such other further relief the court shall deem appropriate.

**COUNT II – WRONGFUL DEATH**

**SIANA GORDON, ADMINISTRATRIX OF THE ESTATE OF JAHAAD ATKINSON v. NATIONAL RAILROAD PASSENGER CORPORATION a/k/a AMTRAK**

51. Plaintiff reavers and incorporates the preceding paragraphs as though set forth herein at length.

52. Plaintiff brings this action pursuant to the Wrongful Death Act, 42 Pa. C.S.A. § 8301 and claims all damages recoverable under the Pennsylvania Wrongful Death Act.

53. The names and last known addresses of all persons who may be entitled by law to recover damages, as well as their relationship to Decedent, Jahaad Atkinson are as follows:

a. Siani Gordon, Mother of Jahaad Atkinson
222 Broomall St.
Chester, PA 19013

b. Shamar Atkinson, Father of Jahaad Atkinson
222 Broomall St.
Chester, PA 19013

54. As a direct and proximate result of the forgoing, the Decedent's Wrongful Death beneficiaries have been, continue to be, and will in the future be deprived of his services, companionship and society.

55. As a direct and proximate result of Defendant's negligence and carelessness as set forth above, which is incorporated herein, Jahaad Atkinson's Wrongful Death beneficiaries have been caused to incur and pay various expenses for emergency medical expenses, funeral and other expenses related to his death.

**WHEREFORE**, Plaintiff Siana Gordon, Administratrix of the Estate of Jahaad Atkinson, demands judgment against Defendant in an amount in excess of

Seventy-Five Thousand ($75,000.00) Dollars in compensatory damages, punitive damages, costs and such other further relief the court shall deem appropriate.

**COUNT III – SURVIVAL ACTION**

**SIANA GORDON, ADMINISTRATRIX OF THE ESTATE OF JAHAAD ATKINSON v. NATIONAL RAILROAD PASSENGER CORPORATION a/k/a AMTRAK**

56. Plaintiff reavers and incorporates the preceding paragraphs as though set forth herein at length.

57. Plaintiff brings this action on behalf of the Estate of Jahaad Atkinson, deceased, by virtue of the Survival Act, 42 Pa. C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Jahaad Atkinsons' Estate and other persons entitled to recover under law.

58. As a direct and proximate result of Defendant's negligent and conduct as set forth above, which is incorporated herein, Plaintiff claims on behalf of the Estate of Jahaad Atkinsons, all damages suffered by the Estate by reason of the death of Jahaad Atkinson, including without limit the generality of the following: the severe injuries to Jahaad Atkinson, which resulted in his death; the anxiety, horror, fear of impending death, mental disturbance, pain, suffering and other intangible losses which Jahaad Atkinson suffered prior to his death; the loss of past, present and future earning capacity suffered by Jahaad Atkinson, from the date of his death until the time in the future he would have

lived had he not died as a result of the injuries he sustained; expenses for medical care; and all damages specifically provided for under the Pennsylvania Wrongful Death Act and Survivors Act.

**WHEREFORE**, Plaintiff Siana Gordon, Administratrix of the Estate of Jahaad Atkinson, demands judgment against Defendant in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars in compensatory damages, punitive damages, costs and such other further relief the court shall deem appropriate.

## COUNT IV – NEGLIGENCE

## WYDEIA KIMBLE, ADMINISTRATRIX OF THE ESTATE OF AH'YIR WOMACK v. NATIONAL RAILROAD PASSENGER CORPORATION a/k/a AMTRAK

59. Plaintiff reavers and incorporates the preceding paragraphs as though set forth herein at length.

60. Defendant, as the possessors of land on which the incident occurred, owed Decedent a duty to exercise reasonable care to prevent exposing Decedent to an unreasonable risk of death or serious bodily injury because it knew or had reason to know that individuals were likely to be present on their property.

61. At all times relevant hereto Defendant acted by and through their employees, agents, ostensible agents and servants in the operation of the Train which struck Decedent.

62. Defendant, as the operator of the Train, had a duty to operate the train carefully, to make reasonable observations of pedestrians on the train tracks, to take reasonable evasive action for the protection of said pedestrians, including braking and/or stopping the train in sufficient time so as to avoid striking pedestrians, and applying horns and/or other audio warning signals to provide adequate and necessary warning to pedestrians on said tracks.

63. Defendant knew or should have known the cost in maintaining the condition and fencing around the train tracks was slight compared with the burden of maintaining said fencing, and there was significant risk of death or serious bodily harm to Decedent and others similarly situated by failing to maintain said fencing.

64. In addition, the negligent, careless and/or reckless conduct of Defendant consisted of, but is not limited to the following:

a. Failure to exercise reasonable care to eliminate the danger or otherwise to protect Decedent;

b. failure of its employees, agents, ostensible agents and servants to conduct and operate the train in a safe manner, including traveling at speeds in excess of speed limits in place by law;

c. failure of its employees, agents, ostensible agents and servants to monitor the safety of pedestrians and train passengers;

d. failure of its employees, agents, ostensible agents and servants to observe pedestrians on the tracks;

e. failure of its employees, agents, ostensible agents and servants to observe pedestrians on the tracks in a reasonable time;

f. failure to apply speed limiting devices including but not limited to brakes in sufficient time so as to avoid striking Decedent;

g. failure to brakes apply speed limiting devices including but not limited to brakes in sufficient time so as to provide Decedent reasonable opportunity to take evasive action and avoid being struck;

h. failure to slow the train down after its employee(s), agents and/or ostensible agents witnessed Decedent on the tracks in the foreground as the train approached;

i. failure to stop the train in time to avoid striking Decedent;

j. failure to blow the whistle of the train to warn Decedent of impending danger;

k. failure to install any kind of barriers and/or fencing along its tracks in the immediate areas surrounding the train station to prevent anticipated pedestrians from entering the tracks;

l. failure to post warning signs along the train tracks;

m. creating a dangerous condition;

n. operating the train at too great of a speed approaching the Train Station despite knowledge of the risks of pedestrians on the tracks;

o. failing to exercise ordinary care to avoid injuring others;

p. failure to properly train its employees, agents, ostensible agents and servants, including but not limited to its Engineer and Conductor on the risks associated with pedestrians on the tracks approaching the train station;

q. failure to properly train its employees, agents, ostensible agents and servants, including but not limited to its Engineer and Conductor on how to safely observe pedestrians on the train tracks;

r. failure to warn its employees, agents, ostensible agents and servants, including but not limited to its Engineer and Conductor of the existence of prior complaints or knowledge on behalf of Amtrak of pedestrians on the train tracks in the vicinity of the train tracks;

s. failure to properly train its employees, agents, ostensible agents and servants, including but not limited to its Engineer and Conductor on how to use horns and/or audio warning devices;

t. failure to inspect the condition of the fences in the area of the train station; and

u. creating a permissive crossing which was accessible to the public which was well-defined.

**WHEREFORE,** Plaintiff Wydeia Kimble, Administratrix of the Estate of Ah'Yir Womack demands judgment against Defendant in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars in compensatory damages, costs and such other further relief the court shall deem appropriate.

**COUNT V – WRONGFUL DEATH**

**WYDEIA, ADMINISTRATRIX OF THE ESTATE OF AH'YIR WOMACK v. NATIONAL RAILROAD PASSENGER CORPORATION a/k/a AMTRAK**

65. Plaintiff reavers and incorporates the preceding paragraphs as though set forth herein at length.

66. Plaintiff brings this action pursuant to the Wrongful Death Act, 42 Pa. C.S.A. § 8301 and claims all damages recoverable under the Pennsylvania Wrongful Death Act.

67. The names and last known addresses of all persons who may be entitled by law to recover damages, as well as their relationship to Decedent, Ah'Yir Womack are as follows:

a. Wydeia Kimble, Mother of Ah'Yir Womack
1120 Upland St.
Chester, PA 19013

b. Tyrone Womack, Father of Ah'Yir Womack
1121 Hancock St., Apt. A
Chester, PA 19013

68. As a direct and proximate result of the forgoing, the Decedent's Wrongful Death beneficiaries have been, continue to be, and will in the future be deprived of his services, companionship and society.

69. As a direct and proximate result of Defendant's negligence and carelessness as set forth above, which is incorporated herein, Ah'Yir Womack's Wrongful Death beneficiaries have been caused to incur and pay various expenses for emergency medical expenses, funeral and other expenses related to his death.

**WHEREFORE**, Plaintiff, Wydeia Kimble Administratrix of the Estate of AH'YIR WOMACK, demands judgment against Defendant in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars in compensatory damages,

punitive damages, costs and such other further relief the court shall deem appropriate.

**COUNT VI – SURVIVAL ACTION**

**WYDEIA KIMBLE, ADMINISTRATRIX OF THE ESTATE OF AH'YIR WOMACK v. NATIONAL RAILROAD PASSENGER CORPORATION a/k/a AMTRAK**

70. Plaintiff reavers and incorporates the preceding paragraphs as though set forth herein at length.

71. Plaintiff brings this action on behalf of the Estate of Ah'Yir Womack, by virtue of the Survival Act, 42 Pa. C.S.A. § 8302, and claims all benefits of the Survival Act on behalf of Ah'Yir Womack's Estate and other persons entitled to recover under law.

72. As a direct and proximate result of Defendant's negligent and conduct as set forth above, which is incorporated herein, Plaintiff claims on behalf of the Estate of Ah'Yir Womack, all damages suffered by the Estate by reason of the death of Ah'Yir Womack, including without limit the generality of the following: the severe injuries to Ah'Yir Womack, which resulted in his death; the anxiety, horror, fear of impending death, mental disturbance, pain, suffering and other intangible losses which Ah'Yir Womack suffered prior to his death; the loss of past, present and future earning capacity suffered by Ah'Yir Womack, from the date of his death until the time in the future he would have

lived had he not died as a result of the injuries he sustained; expenses for medical care; and all damages specifically provided for under the Pennsylvania Wrongful Death Act and Survivors Act.

**WHEREFORE**, Plaintiff, Wydeia Kimble Administratrix of the Estate of Ah'Yir Womack, demands judgment against Defendant in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars in compensatory damages, punitive damages, costs and such other further relief the court shall deem appropriate.

Respectfully submitted,

/s/

Emeka Igwe, Esquire
Attorney for Defendant
**THE IGWE FIRM**
1500 John F. Kennedy Blvd, Suite 1900
Philadelphia, PA 19102
Phone:215-278-9898
Email: emeka@igwefirm.com

Date: April 15, 2024