IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

———————————————————————x

SIANI GORDON, Administratrix of the          :      Civil Action No.: 2:23-cv-02884-MSG
ESTATE OF JAHAAD ATKINSON,                   :
                                             :
    and                                      :
                                             :
WYDEIA KIMBLE, Administratrix of the         :
ESTATE OF AH'YIR WOMACK,                      :
                                             :
            Plaintiffs,                       :
                                             :
    v.                                       :
                                             :
NATIONAL RAILROAD PASSENGER                  :
CORPORATION (AMTRAK),                        :
                                             :
            Defendant.                        :

———————————————————————x

## ORDER

**AND NOW**, this _____ day of April, 2025, upon consideration of the Plaintiffs' Motion to Reopen Discovery, it is hereby **ORDERED** and **DECREED** that said Motion is hereby **GRANTED**.

**IT IS** hereby further **ORDERED** that Defendant National Railroad Passenger Corporation (Amtrak) shall produce documents responsive to Plaintiffs' Requests for Production of Documents dated April 4, 2025 within twenty (20) days from today and produce a corporate representative for deposition pursuant to Plaintiffs' Notice of Deposition dated April 4, 2025 within thirty (30) days from today.

BY THE COURT:

_____
                                                            J.

1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<table>
<tr><td>—————————————————x</td><td></td></tr>
<tr><td>SIANI GORDON, Administratrix of the<br>ESTATE OF JAHAAD ATKINSON,</td><td>Civil Action No.: 2:23-cv-02884-MSG</td></tr>
<tr><td>and</td><td></td></tr>
<tr><td>WYDEIA KIMBLE, Administratrix of the<br>ESTATE OF AH'YIR WOMACK,</td><td></td></tr>
<tr><td>Plaintiffs,</td><td></td></tr>
<tr><td>v.</td><td></td></tr>
<tr><td>NATIONAL RAILROAD PASSENGER<br>CORPORATION (AMTRAK),</td><td></td></tr>
<tr><td>Defendant.</td><td></td></tr>
<tr><td>—————————————————x</td><td></td></tr>
</table>

**PLAINTIFFS SIANI GORDON, Administratrix of the ESTATE OF JAHAAD
ATKINSON, and WYDEIA KIMBLE, Administratrix of the ESTATE OF AH'YIR
WOMACK'S MOTION TO REOPEN DISCOVERY**

**I.    INTRODUCTION AND CASE OVERVIEW**

1.    Plaintiffs file the instant Motion to Reopen Discovery in the interest of justice,
pursuant to Federal Rule of Civil Procedure 16, and to protect the legal interests of the estates of
two Minor-Decedents. This Court possesses the authority and discretion to grant this Motion,
permit the parties to conduct limited discovery, and protect the rights of the parties without
prejudicing the Defendant.

2.    On Saturday April 29, 2023 at 4:30 pm, 9-year-old Jahaad Atikinson and 12-year-old
Ah'Yir Womack were struck and killed by Amtrak's Northeast Corridor train 161 near the train station
located at 450 Highland Avenue in Chester, Pennsylvania. The Minor-Decedents were on the tracks

because Amtrak failed to secure its railroad property by negligently maintaining and monitoring an unsecure fence located at 500 Engle Street in Chester, PA, allowing the children – and others for years prior to the subject incident – to access the tracks as a known shortcut to a local park. Here is a picture of the gaping hole in the fence at the time of the incident:



3.      The Minor-Decedents' mothers sued Defendant National Railroad Passenger Corporation ("Amtrak") by way of Amended Complaint (Doc. 30), alleging negligent and reckless conduct in maintaining the subject fence and protecting the safety of pedestrians. Plaintiffs brought Wrongful Death and Survival Act claims against Defendant Amtrak for all compensable losses, including loss of future earning capacity for Minor-Jahaad Atkinson and

Minor-Womack in the amounts of $2,203.586 for each child. The CVs and expert reports of Plaintiffs' track safety (Lawrence Canty) and economic (Andrew Verzilli) experts are attached as **Exhibit A** and **Exhibit B**, respectively.

## II.    PROCEDURAL BACKGROUND

4.      On October 28, 2024, this Court entered an Amended Scheduling Order (Doc. 26) directing the parties to complete discovery by December 23, 2024. Defendant filed its Motion for Summary Judgment on February 5, 2025, arguing that it owes no legal duty to the Minor-Decedents, and Plaintiff's Response thereto was filed on March 3, 2025 (Docs. 47 and 51); the Motion is currently pending before the Court. This matter is scheduled for trial on May 13, 2025.

## III.    ARGUMENT FOR REOPENING DISCOVERY

5.      Counsel for the Plaintiffs Emeka Igwe was recently deployed to Kuwait in connection with his service in the National Guard. Mr. Igwe is currently in Kuwait and will remain there for four months or more and through the trial of this matter in May 2025. Due to his indefinite deployment, Mr. Igwe and his firm engaged the law firm of McEldrew Purtell as new counsel. Jonathan Rubenstein and Gregory Kiss, attorneys with McEldrew Purtell, entered their appearances on April 3, 2025.

6.      In reviewing the file and preparing for trial, counsel from McEldrew Purtell learned that Defendant Amtrak never produced a corporate representative for deposition and never responded to Plaintiffs' requests for production of documents with any document production. In January, the Defendant Amtrak agreed to produce a corporate representative for deposition, but failed to produce a corporate representative or produce any documents responsive to Plaintiffs' requests. See emails between counsel attached as **Exhibit C**.

7.      Due to the outstanding discovery germane to the pending Motion for Summary Judgement, Plaintiffs respectfully request that this Court: reopen discovery, limited to a targeted scope of document requests and corporate representative deposition topics; deny the Defendant's pending Motion for Summary Judgment without prejudice (or in the alternative hold the Motion in abeyance pending further discovery); and permit the Plaintiffs sixty (60) days to conduct further discovery. Plaintiffs attach hereto their targeted requests for production of documents and corporate representative deposition notice, served on April 4, 2025, as **Exhibit D** and **Exhibit E**. These requests relate to Defendant Amtrak's acts and omissions to deter and prevent access by pedestrians to the subject train tracks and Amtrak's maintenance of the subject fencing around the tracks. Further, Plaintiffs are amenable to working cooperatively with Defendant Amtrak to address any other outstanding discovery.

8.      F.R.C.P. 16 permits this Court to modify a scheduling order for good cause. Good cause may be established if the movant shows that the "'inability to comply with a scheduling order is 'due to any mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order.'" Newton v. Dana Corp. Parish Div., 1995 U.S. Dist. LEXIS 8473 at 1 (E.D.Pa. 1995) (quoting Gestetner Corp. v. Case Equipment Co., 108 F.R.D. 138, 141 (D. Me. 1985)).

9.      In this case, there is good cause to re-open limited discovery. First, the parties failed to schedule and take the deposition of Amtrak's corporate designee as agreed to. As the emails between counsel demonstrate, Defendant Amtrak did not identify a designee and provide dates for that deposition, continuing to claim they were "working on logistics." See **Exhibit C**. Plaintiffs' counsel is also to blame, as he did not follow-up more regularly or file a Motion to

Compel.[1] Despite the agreement, Defendant Amtrak filed its Motion for Summary Judgment just nine (9) days later after making that representation to make good on the corporate representative deposition. More so, there are outstanding discovery requests that Defendant Amtrak has not answered, which bare directly on liability. Plaintiffs, the estates of two minor children, should not be punished for their counsel and Defendant Amtrak's mistakes.

10.    The trial of this matter is over two months away, and permitting Plaintiffs to obtain further discovery well before the trial does not prejudice the Defendant, and most importantly, protects the interest of the Minor-Decedents in their representatives' prosecution of this matter.

WHEREFORE, Plaintiffs respectfully request that the Court grant their Motion to Reopen Discovery in the attached Proposed Order.

Respectfully Submitted,

*/s/ Emeka Igwe, Esquire*
Emeka Igwe, Esquire
Attorney for Plaintiff
THE IGWE FIRM
1500 John F. Kennedy Blvd, Suite 1900
Philadelphia, PA 19102
Phone:215-278-9898
Email: emeka@igwefirm.com

**McELDREW PURTELL**

By: */s/ Jon Rubinstein*
Jon Rubinstein, Esquire
Gregory R. Kiss, Esquire
123 S. Broad Street, Suite 2250
Philadelphia, PA 19109
Phone: (215) 545-8800
Email: jrubinstein@mceldrewpurtell.com
*Attorneys for Plaintiffs*

---

[1] Admittedly, Plaintiffs' counsel, Mr. Igwe, for the last several months, faced a difficult and time-consuming hurdle of finding new counsel for his case inventory in light of his March deployment to Kuwait.

Dated: April 4, 2025