IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
                                              x
SIANI GORDON, Administratrix of the      :    Civil Action No.: 2:23-cv-02884-MSG
ESTATE OF JAHAAD ATKINSON,               :
                                         :
                                         :
     and                                 :
                                         :
WYDEIA KIMBLE, Administratrix of the     :
ESTATE OF AH'YIR WOMACK,                 :
                                         :
          Plaintiffs,                    :
                                         :
     v.                                  :
                                         :
NATIONAL RAILROAD PASSENGER              :
CORPORATION (AMTRAK),                    :
                                         :
          Defendant.                     :
                                              x
```

## ORDER

**AND NOW**, this _____ day of April, 2025, upon consideration of the Plaintiffs' Motion for Leave to Dismiss this Action without Prejudice Pursuant to F.R.C.P. 41(a)(2), it is hereby **ORDERED** and **DECREED** that said Motion is hereby **GRANTED**.

IT IS hereby further **ORDERED** that Plaintiffs' Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiffs are free to re-file this case in any Court of appropriate jurisdiction. Nothing about this Order will prevent or estop Plaintiffs from bringing any claim lodged in this now dismissed action, or any other claims, against the Defendant, National Railroad Passenger Corporation (Amtrak).

Alternatively, Plaintiffs' Motion to Re-Open Discovery is hereby **GRANTED**. IT IS hereby further **ORDERED** that Defendant National Railroad Passenger Corporation (Amtrak) shall produce documents responsive to Plaintiffs' Requests for Production of Documents dated

April 4, 2025 within twenty (20) days from today and produce a corporate representative for deposition pursuant to Plaintiffs' Notice of Deposition dated April 4, 2025 within twenty (20) days from today.

BY THE COURT:

_____

J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **SIANI GORDON, Administratrix of the ESTATE OF JAHAAD ATKINSON,**<br><br>**and**<br><br>**WYDEIA KIMBLE, Administratrix of the ESTATE OF AH'YIR WOMACK,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK),**<br><br>**Defendant.** | **Civil Action No.: 2:23-cv-02884-MSG** |

**PLAINTIFFS SIANI GORDON, Administratrix of the ESTATE OF JAHAAD ATKINSON, and WYDEIA KIMBLE, Administratrix of the ESTATE OF AH'YIR WOMACK'S MOTION TO DISMISS[1] THIS ACTION WITHOUT PREJUDICE PURSUANT TO F.R.C.P. 41(a)(2)**

Plaintiffs, Siani Gordon, as Administratrix of the Estate of Jahaad Atkinson, and Wyeda Kimble, Administratrix of the Estate of Ah'Yir Womack, through counsel, submit this Motion to Dismiss without Prejudice pursuant to F.R.C.P. 41(a)(2), and state in support thereof:

1. Plaintiffs file this Motion in tandem with and in the alternative to their pending Motion to Reopen Discovery (Doc. 55). Pursuant to that Motion, on April 4, 2025, Plaintiffs' served Defendant National Railroad Passenger Corporation (Amtrak) with targeted Requests for Production of Documents and a Rile 30(b)(6) notice of deposition. To date, the Defendant has failed to respond.

---

[1] Plaintiffs filed a Motion to Re-Open Discovery on April 4, 2025 (Doc. 55), to protect the interests of the Minor-Decedents' Estates and prior counsel, who was recently deployed to Kuwait in connection with his service in the Delaware National Guard. That Motion is currently pending before the Court.

2.       On April 29, 2023[2] at 4:30 pm, 9-year-old Jahaad Atikinson and 12-year-old Ah'Yir Womack were struck and killed by Amtrak's Northeast Corridor train 161 near the train station located at 450 Highland Avenue in Chester, Pennsylvania. The Minor-Decedents were on the tracks because Amtrak failed to secure its railroad property by negligently maintaining and monitoring an unsecure fence located at 500 Engle Street in Chester, PA, allowing the children – and others for years prior to the subject incident – to access the tracks as a known shortcut to a local park. Here is a picture of the gaping hole in the fence at the time of the incident:



---

[2] Plaintiffs' statute of limitations to bring these claims runs on April 29, 2025.

3. The Minor-Decedents' mothers sued Defendant National Railroad Passenger Corporation ("Amtrak") by way of Amended Complaint (Doc. 30), alleging negligent and reckless conduct in maintaining the subject fence and protecting the safety of pedestrians. Plaintiffs brought Wrongful Death and Survival Act claims against Defendant Amtrak for all compensable losses, including loss of future earning capacity for Minor-Jahaad Atkinson and Minor-Womack in the amounts of $2,203.586 for each child. Plaintiffs filed their original Complaint on July 27, 2023, and an Amended Complaint on April 15, 2024.

4. The Amended Complaint alleged, *inter alia*, that Amtrak acted with wanton disregard toward known children trespassing over and along its train tracks.

5. The Plaintiffs hired Pennsylvania attorney, Emeka Igwe, of The Igwe Firm, to represent them in their claims.

6. In late March of 2025, The Igwe Firm, contacted Plaintiffs' current counsel to retain them as trial counsel.

7. Mr. Igwe, a Major in the Delaware National Guard, needed to find new counsel considering the United States deploying him to Kuwait for an indefinite period.

8. In early April, The Igwe Firm provided the entire case for this matter to McEldrew Purtell.

9. Over the last week, Plaintiffs new counsel, McEldrew Purtell, reviewed the case file and began preparing for trial of this matter, set to begin on May 12, 2025.

10. A Motion for Summary Judgment, filed by Defendant Amtrak, is currently pending before this Honorable Court, to which Plaintiffs, through then Counsel, Mr. Igwe, responded substantively.

11.    In reviewing the file and speaking with Mr. Igwe, McEldrew Purtell learned that Mr. Igwe did not take a single deposition of any Defendant Amtrak – fact witness or otherwise.

12.    Additionally, Mr. Igwe did not serve any written discovery or do any other fact finding on the central issues of liability.

13.    In learning of the lack of Mr. Igwe's lack of diligence, Plaintiffs, through McEldrew Purtell, filed a Motion with this Honorable Court to re-open discovery on April 4, 2025 (Doc. 55).

14.    That Motion is currently pending.

15.    Considering the circumstances, and pursuant to F.R.C.P. 41(a)(2), Plaintiffs now seek to dismiss this action without prejudice.

16.    F.R.C.P. 41(a)(2), states in relevant part, that a plaintiff may move to dismiss an action or claim without prejudice pursuant to Court Order.

17.    Rule 41(a)(2) provides for dismissal by order of court upon such conditions as court considers just. American Cyanamid Co. v. McGhee, 317 F.2d 295 (5th Cir. 1963).

18.    The primary force of 41(a)(2) is to empower district courts to exercise discretion over voluntary dismissals. GO Computer, Inc. v. Microsoft Corp., 508 F.3d 170 (4th Cir. 2007).

19.    Generally, "Rule 41 motions should be allowed unless [the] defendant will suffer some prejudice other than the mere prospect of a second lawsuit." In re Paoli R.R. Yard PCB Litig., 916 F.2d 829, 863 (3d Cir. 1990).

20.    Whether to grant the dismissal turns on the sole consideration of the prejudice to the defendant. See Diorio v. Harry, 2022 U.S. Dist. LEXIS 244477, *4.

21.    In ruling on a motion to dismiss under Rule 41(a)(2), a court must examine the prejudice to the defendant, both in terms of legal prejudice and litigation expense. See Dodge-Regupol, Inc. v. RB Rubber Prods., Inc., 585 F. Supp. 2d 645, 652 (M.D. Pa. 2008) (quoting 9

Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2364 n.19 (2d ed. n.d.)) (citations and ellipsis omitted).

22.     Relevant, **<u>non-exhaustive factors</u>**, in this analysis include: (1) the excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by the defendant in preparing for trial; (3) the extent to which the current suit has progressed; (4) the plaintiffs diligence in bringing the motion to dismiss and explanation therefore; and (5) the pendency of a dispositive motion by the nonmoving party. Id.

23.     Here, the equities weigh in favor of granting dismissal without prejudice.

24.     First, dismissal without prejudice poses no threat in causing Defendant Amtrak "duplicative" or "excessive" litigation expenses.

25.     In McEldrew Purtell's review of the case file, including the parties' written exchanges, deposition transcripts and pre-trial productions, the parties in this case did almost nothing over the past year in the way of fact finding.

26.     In total, the parties took only four depositions; two fact witness depositions (minor-friends' of the deceased minors who witnessed the accident) and the depositions of both Plaintiffs.

27.     The parties did not take a single deposition of an Amtrak witness – fact or otherwise.

28.     The parties did not issue a single subpoena.

29.     Consistent with that general malaise, Defendant Amtrak did not produce expert reports rebutting Plaintiffs' economic reports or Plaintiffs' expert liability report.

30.     In other words, there is no threat to Defendant Amtrak of "duplicative" or "excessive" litigation costs since the parties sat around for a year and did nothing; future litigation

expenses to be borne by the Defendant would be new and appropriate for a case involving the death of two children.

31. Second, and like factor one, *supra*, Defendant Amtrak appears not to be expending any monies in anticipation of the trial of this matter on May 12, 2025.

32. Defendant Amtrak has not disclosed a single expert in defense of Plaintiffs' claims nor noticed any *de bene esse* depositions of any expert or non-available trial witness.

33. Likewise, Defendant Amtrak, considering it produced no defense experts, has not paid and/or arranged for any expert witness to appear at trial to testify.

34. Defendant, a Philadelphia based law firm, will not need to travel for trial and therefore, is not expected to incur any associated travel costs.

35. Moreover, considering this trial is more than a month away, it is highly unlikely that Defendant Amtrak has incurred any costs in anticipation of preparing for trial.

36. Third, while the parties' discovery deadline passed, the parties have not made any "progress" on the substantive fact finding of the claims and defenses asserted.

37. Given the general absence of litigation of this matter, "progress" cannot be conflated or correlated to the running of the discovery deadline.

38. Fourth, the Plaintiffs, through their new counsel, McEldrew Purtell, have acted with diligence in bringing this Motion.

39. Plaintiffs' counsel, upon receiving the entire case file last week, went right to work to digest and learn the case file.

40. In doing so, Plaintiffs' counsel triaged this case and filed a Motion to re-open discovery and in the alternative, now file this Motion to Dismiss this case without prejudice.

41.    Fifth, while Defendant Amtrak filed a Motion for Summary Judgment – currently pending before this Court – the parties' briefing is meager.

42.    As indicated by the parties' plenary responses, the arguments are tantamount to examining the Complaint through the lens of a summary judgement standard; there are little facts beyond the allegations in the Complaint that buttress the arguments.

43.    At bottom, the plenary responses simply ask this Court to determine, without a ripe factual record, whether Defendant Amtrak owed a duty to Plaintiffs.

44.    Beyond the non-exhaustive factors provided by Dodge-Regupol, *supra*, the dismissal of this action without prejudice provides this Court with an avenue to avoid injustice and foreclose other non-attractive alternatives and affords the parties the right to properly litigate this case.

45.    Accordingly, should this Court grant this Motion, Plaintiffs, the mothers representing the estates of two dead children, will be afforded an actual opportunity to litigate their claims and avoid examining the work of prior counsel for all parties in this matter.

46.    Given the Court's absolute discretion in entering an Order to Dismiss, the Court may also place any safeguards or qualifying language around its Order.

47.    Therefore, as the equities weigh in favor of dismissal without prejudice, Plaintiffs respectfully request this Court enter the attached Order grating Plaintiffs' Motion.

**WHEREFORE**, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion to Dismiss Without Prejudice, or preferably, Plaintiffs' pending Motion to Reopen Discovery.

Respectfully Submitted,

/s/ Emeka Igwe, Esquire
Emeka Igwe, Esquire

Attorney for Plaintiff
THE IGWE FIRM
1500 John F. Kennedy Blvd, Suite 1900
Philadelphia, PA 19102
Phone:215-278-9898
Email: emeka@igwefirm.com

**McELDREW PURTELL**

By: */s/ Gregory R. Kiss*
Jon Rubinstein, Esquire
Gregory R. Kiss, Esquire
123 S. Broad Street, Suite 2250
Philadelphia, PA 19109
Phone: (215) 545-8800
Email: jrubinstein@mceldrewpurtell.com
*Attorneys for Plaintiff*

Dated: April 10, 2025

<u>CERTIFICATE OF SERVICE</u>

The foregoing was filed via the Court's electronic filing system and thereby served upon all parties/counsel of record.


<u>/s/ Gregory R. Kiss</u>


Dated: April 10, 2025