**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SIANA GORDON, Administratrix of the ESTATE OF JAHAAD ATKINSON** | x : | **Civil Action No.: 2:23-cv-02884** |
| | : | |
| **and** | : | |
| | : | |
| **WYDEIA KIMBLE, Administratrix of the ESTATE OF AH'YIR WOMACK** | : : | |
| | : | |
| **Plaintiffs,** | : | |
| **v.** | : : | |
| | : | |
| **NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK)** | : : | |
| | : | |
| **Defendant.** | : | |
| | x | |

<u>**DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S ("AMTRAK") OPPOSITION TO PLAINTIFFS' MOTION TO REOPEN DISCOVERY**</u>

Defendant Amtrak, by and through its counsel, Landman Corsi Ballaine & Ford P.C., hereby opposes plaintiffs' Motion to Reopen Discovery and states as follows:

**I.    BACKGROUND**

This case was filed by plaintiffs on July 27, 2023. On October 28, 2024, the Court issued an Amended Scheduling Order setting December 23, 2024, as the deadline for all discovery. (<u>See</u> ECF Document No. 42). On January 21, 2025, in response to plaintiffs scheduling a witness deposition and at the joint request of the parties, the Court set the summary judgment motion deadline for February 5, 2025. (<u>See</u> ECF Document No. 46). On February 5, 2025, Amtrak filed its Motion for Summary Judgment. (<u>See</u> ECF Document No. 47). On March 3, 2025, after the parties stipulated to an extension for plaintiffs' opposition, plaintiffs filed their Opposition to

4912-6207-0066v.1

Amtrak's Motion for Summary Judgment. (See ECF Document No. 51). At no point did plaintiffs ever request an extension of the discovery deadline in this case.

On April 3, 2025, counsel from McEldrew Purtell (hereinafter "plaintiffs' New Counsel") entered their appearance in this case, as counsel Emeka Igwe (hereinafter "plaintiffs' Original Counsel") is currently deployed in Kuwait. Plaintiffs' New Counsel filed a Motion to Reopen discovery on April 4, 2025, over three months after the discovery deadline passed. (See ECF Document No. 55).

Plaintiff's New Counsel assert that decedents entered the Amtrak tracks by way of an "unsecure fence," and that plaintiffs' claims against Amtrak are based on "Amtrak's negligent and reckless conduct in maintaining the subject fence." (See ECF Document No. 55, ¶¶ 2, 3). However, as discussed below, there are no claims pending in this case relating to fencing.

Plaintiffs' Motion to Reopen Discovery seeks to reopen discovery to pursue a deposition and document production on the narrow issue of fencing of Amtrak's tracks, including maintenance of fencing. (See Document No. 55, ¶ 7). Indeed, on April 4, 2025, plaintiffs' New Counsel served document requests relating to installation, inspection and maintenance of fencing of Amtrak's tracks. (See Exhibit D attached to ECF Document No. 55). They also served a corporate designee deposition notice requesting a witness to testify as to these same topics. (See Exhibit E attached to ECF Document No. 55).

This Motion to Reopen Discovery should be denied, as Chief Judge Goldberg issued a prior ruling in this case dismissing plaintiffs' Complaint, as it alleged claims against Amtrak based on fencing, and Amtrak had no duty to fence its tracks. (See ECF Document No. 27, ¶ 15). In fact, plaintiffs confirmed in their opposition to Amtrak's Motion for Summary Judgment motion that they are not pursuing claims against Amtrak relating to fencing. (See ECF Document No. 51, p. 6,

2

4912-6207-0066v.1

fn. 1). Indeed, the only theories of liability plaintiffs are pursuing are based upon the attractive nuisance doctrine and the permissive crossing doctrine. (See ECF Document No. 51). Thus, there is absolutely no reason to reopen discovery as to fencing or any issues relating to fencing of the tracks.

Additionally, plaintiffs' New Counsel claims that defendant Amtrak failed to provide responses to document requests and failed to produce a corporate designee requested by plaintiffs' Original Counsel. However, Amtrak did provide responses to document requests and extensive document production during discovery. In addition, Amtrak offered a witness for deposition, despite Original Counsel's late request, but Original Counsel never moved forward with the deposition.

As discussed in greater detail below, there is no basis for the reopening of discovery in this matter, to pursue irrelevant discovery, especially at this late stage where both parties have fully briefed Amtrak's pending Motion for Summary Judgment and trial is less than one month away.

## II.    LEGAL ARGUMENT

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order can be modified only for good cause and with the judge's consent. Plaintiffs' New Counsel seeks to pursue discovery as to "defendant Amtrak's acts and omissions to deter and prevent access by pedestrians to the subject train tracks and Amtrak's maintenance of the subject fencing around the tracks." (See Document No. 55, ¶ 7).

Plaintiffs' Motion to Reopen Discovery should be denied because: 1) claims relating to Amtrak's fencing of its tracks have been dismissed by the Court and plaintiffs have conceded they are not pursuing same; 2) no discovery is owed as plaintiffs' Original Counsel was provided with all requested discovery in a timely fashion; 3) plaintiffs' New Counsel fails to meet their burden

3

to show good cause and in fact concedes there is no good cause and, 4) Amtrak will be prejudiced if discovery is reopened.

### a. Plaintiffs' claims relating to fencing were dismissed by the Court and plaintiffs have conceded they are not pursuing same.

Plaintiffs' New Counsel seeks to reopen discovery on the narrow matter of deterring pedestrians from the tracks and maintaining fencing around the tracks. (See ECF Document No. 55, ¶ 7 and the proposed document requests and deposition notice attached at Exhibits D and E to the motion). This Court should deny plaintiffs' Motion to Reopen Discovery, as Amtrak has no duty to erect or maintain fencing along the tracks, and this theory of liability was dismissed and is no longer being pursued by plaintiffs. Therefore, the fencing topic is irrelevant.

On December 1, 2023, Amtrak filed a Motion for Judgment on the Pleadings seeking to dismiss all claims relating to fencing. Chief Judge Mitchell Goldberg granted Amtrak's motion and held that plaintiffs cannot pursue claims related to fencing because, under Pennsylvania Law "a railroad has no duty to fence its property." (See ECF Document No. 27, ¶ 15). Furthermore, in footnote 1 of plaintiffs' brief in Opposition to Amtrak's Motion for Summary Judgment, plaintiffs concede that they are not pursuing claims related to fencing along the train tracks. (See ECF Document No. 51, p. 6, fn 1.) Thus, any discovery relating to fencing is irrelevant and beyond the scope of permissible discovery set forth in Federal Rule of Civil Procedure 26(b).

Accordingly, plaintiffs' Motion to Reopen Discovery should be denied as it seeks to extend discovery to seek documents and testimony that are irrelevant. In short, there is no reason to allow plaintiffs to pursue the proposed discovery, which would also be a waste of the parties' time and money. This reason alone is fatal to plaintiffs' motion to reopen discovery.

4

**b.  Amtrak has provided document production.**

Plaintiffs' New Counsel claims that Amtrak has failed to provide responses to requests for production of documents. (See ECF Document No. 55, ¶ 6). However, this is incorrect, as Amtrak sent plaintiffs' Original Counsel responses to Requests for Production on December 23, 2024, and sent initial disclosures in accordance with Federal Rule of Civil Procedure 26 and three supplemental disclosures. (See December 23, 2024 letter serving discovery responses attached hereto at Exhibit A; see letters confirming October 10, 2023 initial disclosures, October 25, 2024 supplemental disclosures, December 20, 2024 second supplemental disclosures, and December 23, 2024 expert disclosures, attached hereto at Exhibit B). Therefore, all requested documentation and required disclosures have been made and are in the possession of plaintiffs' counsel.

**c.  Amtrak does not owe a corporate designee for deposition.**

Plaintiffs' Motion to Reopen Discovery alleges that Amtrak failed to provide an Amtrak corporate designee to address the subject of fencing. (See ECF Document No. 55, ¶ 6). This, too, is incorrect. First, the matter of fencing is not at issue in this case (as discussed above). Second, despite plaintiffs' New Counsel's contention, Amtrak had no obligation to produce an Amtrak representative regarding fencing as this request was abandoned by plaintiffs' Original Counsel, who instead requested a police representative to address trespassing. Plaintiffs failed to notice a corporate designee and made no additional effort to pursue the deposition of any Amtrak representative.

More specifically, plaintiffs requested the deposition of a corporate designee in December regarding fencing, but it was never scheduled. (See December 2, 2024 email attached hereto at Exhibit C) (requesting a "corporate designee with the most knowledge of the maintenance of the train tracks, the surrounding premises, as well as the fences surrounding the tracks where the

4912-6207-0066v.1

incident occurred"). Following a discussion between counsel, plaintiffs' Original Counsel acknowledged that claims relating to fencing had been dismissed from the case, and instead requested an Amtrak police representative to address prevention of trespassers, policing of the tracks, and related issues. This was confirmed in emails between counsel on January 20 and January 23, 2025. (See emails included at Exhibit D). Despite this new request for an Amtrak designee deposition weeks after discovery had closed, on January 31, 2025, counsel for Amtrak advised of the availability of the Amtrak police representative for deposition, and plaintiffs' Original Counsel's office responded with a proposed date for the deposition. (See emails included at Exhibit D). Plaintiffs' Original Counsel never sent a deposition notice for the Amtrak corporate designee, requested a time or place for the deposition, a or took any other steps to move forward with the proposed deposition.

In fact, during these deposition discussions, the parties secured an extension of the summary judgment motion deadline in order to depose a juvenile fact witness. (See January 21, 2025 letter to the Court, attached hereto at Exhibit E, and Order at ECF Document No. 46). Amtrak's counsel was cooperative with plaintiffs in scheduling this deposition after the discovery deadline, even though it was held on February 4, 2025, one day prior to the new summary judgment motion deadline. Despite plaintiffs scheduling and conducting this deposition, they did not pursue any Amtrak deposition. Thus, plaintiffs' claim that Amtrak failed to produce a corporate designee is without merit.

Moreover, there was no need for plaintiffs to pursue a deposition relating to policing of Amtrak's tracks, as any discovery relating to policing of the tracks is irrelevant. Under Pennsylvania law, railroads do not have a duty to police their tracks to prevent trespassing. See Scibelli v. Pennsylvania R. Co., 108 A.2d 348, 353 (Pa. 1954); Dugan v. Pennsylvania Railroad

6

Company, 127 A.2d 343, 349 (Pa. 1956); Laurie v. Natl. Passenger R.R. Corp., 105 Fed. Appx. 387, 391 (3d Cir. 2004). Indeed, plaintiffs conceded in their Opposition to Amtrak's Motion for Summary Judgment that they are not pursuing a theory of liability based on policing of the tracks. (See ECF Document No. 51, p. 6, fn 1). Therefore, Amtrak does not owe plaintiffs a corporate designee deposition.

### d. There is no "good cause" to reopen discovery.

A scheduling order may be modified only for good cause and by the consent of the assigned judge. Fed. R. Civ. P. 16(b). Even if there was some basis to pursue additional discovery in this case, plaintiffs cannot meet the legal standard of good cause required to reopen discovery.

To establish good cause, a plaintiff must "show why the discovery sought could not have been obtained during the discovery period." Yarmey v. Univ. of Pa., 2024 WL 1556387, at *3 (E.D.Pa. Apr. 10, 2024); see also Venetec International, Inc. v. Nexus Medical, LLC, 541 F.Supp. 2d 612, 618 (D.Del. 2008). Good cause may be established if the movant shows that the "inability to comply with a scheduling order is 'due to any mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order.'" Newton v. Dana Corp. Parish Div., 1995 WL 368172, at *1 (E.D.Pa. June 21, 1995) (quoting Gestetner Corp. v. Case Equipment Co., 108 F.R.D. 138, 141 (D.Me. 1985)); see also Bohnenkamp v. Whisterbarth, 2022 WL 4236615, at *1 (W.D.Pa. 2022).

If the movant cannot demonstrate good cause, "the scheduling order shall control." Newton, 1995 WL 368172, at *1. As the Third Circuit has stated, "scheduling orders are at the heart of case management. If they can be disregarded without a specific showing of good cause, their utility will be severely impaired." Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3d Cir. 1986).

4912-6207-0066v.1

In <u>Lehman Bros. Holdings, Inc. v. Gateway Funding Diversified Mortg. Services, L.P.</u>, the Third Circuit noted that the entrance of new counsel was not good cause to modify the discovery schedule where more diligent discovery had been possible, albeit by previous counsel. 785 F.3d 96, 102 (3d Cir. 2015). Carelessness, or attorney error is insufficient to constitute "good cause" under Rule 16(b)(4). <u>Graham v. Progressive Direct Ins. Co.</u>, 271 F.R.D. 112, 121 (W.D.Pa. 2010).

As established above, no discovery is owed by Amtrak. To the extent that plaintiffs' New Counsel believes that additional discovery should be pursued, they are unable to demonstrate any factors that justify reopening discovery.

### i. Plaintiffs cannot demonstrate "good cause" as they failed to act diligently and comply with discovery deadlines.

With respect to diligence, to establish good cause, the party seeking an extension should show that more diligent pursuit was impossible. <u>Pritchard v. Dow Agro Sciences</u>, 255 F.R.D. 164, 175 (W.D.Pa. 2009) (citing <u>Hewlett v. Davis</u>, 844 F.2d 109, 113 (3d Cir. 1988)). It is well settled that "retaining new counsel, by itself, does not establish good cause." <u>Trask v. Olin Corp.</u>, 298 F.R.D. 244, 268 (W.D.Pa. 2014). The primary measure of good cause is the movant's diligence in attempting to meet the scheduling order's requirements. <u>See</u> <u>Hartis v. Chi Title Ins. Co.</u>, 694 F.3d 935, 948 (8th Cir. 2012).

During this case, plaintiffs failed to comply with discovery deadlines. Plaintiffs failed to timely serve initial disclosures, as they were sent on May 23, 2024, over a year after the Complaint was filed. Plaintiffs did not provide answers to interrogatories and document requests until after Amtrak filed a motion to compel discovery on October 23, 2024. Furthermore, plaintiffs provided expert reports on February 4, 2025, well after the December 23, 2024 deadline to exchange expert reports had passed and one day before Amtrak's Motion for Summary Judgment was due. Plaintiffs

8

4912-6207-0066v.1

also failed to move forward with the deposition of an Amtrak witness, despite a witness having been offered, and only sought a modification of the summary judgment motion deadline to accommodate one fact witness deposition, which was completed.  If plaintiffs needed additional discovery, it could have been requested at that time as well, but no additional discovery needs were ever raised.

Thus, more diligent pursuit of discovery was available to plaintiffs. In fact, plaintiffs' New Counsel concedes that there was a lack of diligence, as they specifically state in their pending Motion to Dismiss Without Prejudice that they filed the instant Motion to Reopen Discovery after learning of "Mr. Igwe's lack of diligence." (See ECF Document No. 56, ¶ 13). Plaintiffs acknowledge they have a poor argument as to good cause, as they state in their Motion to Reopen Discovery that "Plaintiffs counsel is also to blame as he did not follow-up more regularly or file a Motion to Compel."[1]  (See ECF Document No. 55, ¶ 9).

Having failed to act diligently, plaintiffs are not entitled to have discovery reopened at this very late stage in the case, with Amtrak's Motion for Summary Judgment fully briefed and pending, and trial less than one month away. Accordingly, plaintiffs' Motion to Reopen Discovery should be denied.

### ii.  There are no "mistakes" that warrant the reopening of discovery.

Plaintiffs assert that they "should not be punished for their counsel and Defendant Amtrak's mistakes."  See ECF Document No. 55, ¶ 9. Amtrak did not commit any mistakes that require reopening of discovery. Amtrak served discovery responses, including extensive document production, offered a witness for deposition, and worked cooperatively with opposing counsel to complete a fact witness deposition the day before the summary judgment motion deadline.  In

---

[1] Amtrak denies that there was any discovery to compel.

addition, while plaintiffs' counsel may not have been diligent during the discovery process, this was not a mistake that would warrant reopening of discovery. Indeed, as discussed above, lack of diligence is a reason to deny the motion. In short, there were no "mistakes" that would justify reopening discovery, especially to pursue irrelevant discovery.

### e. Defendant Amtrak would be prejudiced by discovery being reopened.

"The 'good cause' standard focuses on both the conduct of the moving party and the prejudice, if any, to the nonmovant." Miceli v. JetBlue Airways Corp., 914 F.3d 73, 86 (1st Cir. 2019). "[T]he moving party's diligence or lack of diligence serves as the dominant criterion." Id. While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, courts may not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines. See Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001); see also Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (If the moving party was not diligent, the inquiry should end).

Given plaintiffs' lack of diligence, as outlined above, there is no need to consider prejudice. Setting this aside, if this Court were to grant plaintiffs' Motion to Reopen Discovery, Amtrak would be prejudiced, because 1) it has filed and the parties fully briefed its Motion for Summary Judgment and would need to repeat this process following any additional discovery; 2) reopening discovery for 60 days would unduly delay the case beyond the scheduled trial date; and 3) the discovery requested is irrelevant and would lead to unnecessary cost and expense.

Multiple courts have confirmed that reopening discovery after the filing of a summary judgment motion and with a trial date pending would cause prejudice. See Rose v. City of Allentown, 2004 WL 250551, at *3 (E.D.Pa. 2004) (holding that it would be unfairly prejudicial to the defendants to permit the plaintiff to reopen discovery where the defendants' motion for

10

summary judgment had already been filed); <u>Ickes v. Grassmeyer</u>, 2016 WL 4197600, at *3–4 (W.D.Pa. Aug. 8, 2016) (determining that it would be "inappropriate" to allow a plaintiff to conduct additional discovery after the deadline for summary judgment had passed); <u>Maynard v. Sugarloaf Twp.</u>, 2011 WL 2006424, at *4 (M.D.Pa. May 23, 2011) ("Reopening discovery when trial is imminent would disrupt the orderly and efficient trial of this already protracted litigation."); <u>Jackson v. PNC Bank</u>, 2018 WL 513441,  at *9 (W.D.Pa. 2018) (prejudice would result if discovery were to be reopened in a case where both sides had sufficient time to complete discovery, motions for summary had been filed, and trial was set).

Given the procedural status of this case, and lack of relevance as to the discovery sought by plaintiffs, the Motion to Reopen Discovery should be denied, as it would have a prejudicial impact on Amtrak.

## III.    CONCLUSION

The Motion to Reopen Discovery should be denied, as there is no good cause to reopen discovery.  The discovery requested is irrelevant and would be a waste of time and money, as there are no claims in this case relating to Amtrak's fencing of its tracks. Moreover, even if the discovery sought was relevant, plaintiffs failed to act diligently and are not entitled to have discovery reopened. Even if plaintiffs' had acted diligently, Amtrak would suffer prejudice if discovery is reopened, as Amtrak's motion for summary judgment has been fully briefed by both parties and is pending with the Court and trial is less than one month away.

Respectfully submitted,

LANDMAN CORSI BALLAINE & FORD P.C.
Attorneys for Defendant National
Railroad Passenger Corporation
("Amtrak")

11

*s/ Yuri J. Brunetti*
Yuri J. Brunetti, Esq.

Dated: April 18, 2025

12