**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| SIANA GORDON et al.,<br>                    *Plaintiffs,*<br><br>        v.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION,<br>                    *Defendant.* | Civil No. 23-2884 |

**ORDER**

**AND NOW**, this 23rd day of April, 2025, upon consideration of Plaintiffs' Motion to

Reopen Discovery (ECF No. 55) and Defendant's Response (ECF No. 59), it is hereby

**ORDERED** that Plaintiffs' motion is **DENIED**.[1]

                                        **BY THE COURT:**

                                        _____
                                        MARY KAY COSTELLO, J.

---

[1]   Plaintiffs argue there is good cause to reopen discovery because a previously discussed deposition never occurred, and reopening discovery would not prejudice Defendant.  ECF No. 55 ¶¶ 9-10.  However, whether good cause exists depends, in part, on the moving party's diligence. *Premier Comp Solutions, LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020).  Plaintiffs filed their motion, which seeks information related to fencing near the train tracks, over three months after the close of discovery, two months after Defendant moved for summary judgment, and one month after Plaintiffs filed their summary judgment response.  While counsel discussed deposing an Amtrak corporate designee, their discussions occurred after the discovery deadline already passed.  Additionally, Plaintiffs' counsel did not follow through with that request, and he never informed the Court that he sought further discovery related to fencing.  Rather, his summary judgment response represented that he was not pursuing claims related to "the erection of fencing and/or policing the train tracks."  ECF No. 51 at 6, n. 1.  Although Plaintiffs have new counsel, neither a change in strategy nor the retention of new counsel constitutes good cause. *See Yarmey v. Univ. of Pennsylvania*, No. 20-5535, 2024 WL 1556387, at *4 (E.D. Pa. Apr. 10, 2024) (citations omitted); *see also Lehman Bros. Holdings, Inc. v. Gateway Funding Diversified Mortg. Services, L.P.*, 785 F.3d 96, 102 (3d Cir. 2015) ("[M]ore diligent discovery was certainly possible, albeit by previous counsel.").  Finally, reopening discovery after summary judgment has been fully briefed would prejudice Defendant and delay trial.  For these reasons, Plaintiffs failed to demonstrate good cause.  Accordingly, their motion to reopen discovery is denied.